**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STEVEN BAYER, individually and on behalf of all others similarly situated, ) ) ) ) Plaintiff, ) ) ) v. ) ) PRECOR INC., a Washington corporation, ) ) Defendant. ) ) | No. **JURY TRIAL DEMANDED** |

# CLASS ACTION COMPLAINT

Plaintiff Steven Bayer ("Plaintiff") brings this action against Defendant Precor Inc. ("Precor" or "Defendant"), on behalf of himself and all others similarly situated, and alleges as follows upon personal knowledge as to himself and his own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## I. NATURE OF THE ACTION

1. Precor is a leading designer and manufacturer of premium fitness equipment throughout North America.[1] By its own proclamation, Precor "sets the standard for quality, innovation, and performance," and prides itself on developing state-of-the-art fitness equipment. As detailed below, Precor represents that one such supposed innovation – the "Touch Sensor Heart Rate" monitoring system – is capable of reliable and accurate heart rate monitoring.

2. In its advertising materials and product brochures, Precor claims that its heart rate monitoring system will "[m]aximize your workout results with touch sensor and wireless heart

---

[1] Precor, http://www.precor.com/en-us/about-precor (last visited May 27, 2014).

rate monitoring."[2] Unfortunately for consumers, Precor's "Touch Sensor Heart Rate" technology is plagued with various design defects that prevent it from giving an accurate reading of the user's heart rate, or from giving any reading at all. Thus, the advertising materials for various Precor fitness machines contain misrepresentations and material omissions regarding the actual capabilities of the equipment.

3. Consumers pay a premium for fitness machines equipped with accurate and reliable heart rate monitoring features, and Precor has capitalized on this demand by misrepresenting the actual capabilities of its Touch Sensor Heart Rate monitoring technology, inducing unsuspecting consumers into purchasing its fitness machines at a higher price than they would have otherwise paid. Precor has received thousands of consumer complaints regarding its Touch Sensor Heart Rate system, but has yet done nothing to compensate consumers or discontinue making these fraudulent misrepresentations either directly or through authorized third-party retailers.

4. Accordingly, Plaintiff seeks relief on behalf of himself and all other similarly situated members of the Multi-State and Illinois Resident Classes, as defined below, for Precor's violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, and the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*.

## II. JURISDICTION AND VENUE

5. This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). Plaintiff and Defendant are citizens of different states, and in the aggregate, Plaintiff's and the Class members' claims exceed $5,000,000 exclusive of interest and costs.

---

[2] Precor, http://www.precor.com/products/media/english/brochures/Precor-sell-sheet-TRM935-062013-WEB.pdf (last visited May 27, 2014).

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1), (2), and 1391(c) as: Precor is deemed to reside in this judicial district because it is subject to personal jurisdiction here; a substantial part of the events and/or omissions giving rise to the claims emanated from activities within this jurisdiction; and Precor conducts substantial business in this jurisdiction.

### III. PARTIES

*Plaintiff*

7. Plaintiff Steven Bayer is an individual and citizen of the State of Illinois. Plaintiff purchased the Precor 9.23 Treadmill after viewing and relying upon Precor's assertions regarding the capabilities of its Touch Sensor Heart Rate monitoring technology.

8. To date, the Touch Sensor Heart Rate monitoring system on Plaintiff's Precor 9.23 Treadmill has consistently failed to function properly, either failing to recognize Plaintiff's heart rate or giving inaccurate and unreliable readings.

*Defendant*

9. Defendant Precor is a Washington Corporation with its principal place of business at 20031 142nd Ave NE, Woodinville, WA 98072. On information and belief, Precor researches, develops and markets a variety of personal and commercial fitness equipment throughout North America.

### IV. FACTUAL ALLEGATIONS

10. Modern exercise equipment is designed and marketed as a means to give consumers access to health club-quality fitness machines in the convenience of their own homes. According to its website, Precor "designs and builds premium fitness equipment for effective workouts that feel smooth and natural . . . for nearly three decades, we've driven fitness forward with a passionate focus on ergonomic motion, proven science, and superior engineering. We

constantly study and anticipate the needs of the people and organizations we serve, and continually redefine the levels of innovation, quality, and service necessary to deliver the very best fitness experiences."[3]

11.     High-quality fitness machines now offer a wide variety of features that consumers have come to expect – among them, accurate and reliable heart rate monitoring technology. Precor's website even posts numerous articles that outline the benefits of staying within specific heart rate target zones during exercise:

> Heart rate training zones help reach fitness and athletic goals more efficiently. The heart responds to exercise by altering the frequency of beats per minute according to the training intensity. An easy way to gain full benefit from an exercise program is to establish heart rate training zones that cover the full range of heart rate responses to exercise. Heart rate training zones bring specificity to training, whether to target improvements in general fitness or weight loss or to develop endurance, speed or power.

12.     As health experts and fitness manufacturers have placed greater emphasis on heart rate monitoring, consumers have been increasingly willing to pay top dollar for accurate and reliable heart rate monitoring devices, many of which cost upwards of several hundred dollars. Responding to this demand, many of Precor's treadmills, ellipticals, bicycles, and AMTs are already equipped with heart rate monitoring technology – such as the "Touch Sensor Heart Rate" system – which supposedly eliminates the need to purchase a separate heart rate monitoring device. Thus, Precor increases the value of its fitness machines by including heart rate monitoring systems.

13.     As represented, Precor's Touch Sensor Heart Rate monitoring technology should "measure[] a person's heart rate by registering the small electrical signals carried across the surface of a person's skin each time his or her heart contracts," measuring the signal "at the

---
[3] Precor, http://www.precor.com/en-us/about-precor (last visited May 27, 2014).

surface of the skin by electrodes embedded in the hand grips." Several of Precor's fitness machines are equipped with such technology, including:

- Five Treadmill Models (the 9.23, 9.27, 9.31, 9.33, and 9.35);
- Eight Elliptical Models (the 5.21, 5.23, 5.25, 5.31, 5.33, 5.37, 833, and 835);
- Six Stationary Bicycles (the 615, 815, and 835); and
- An "Adaptive Motion Trainer" (the AMT 835)

14. The advertising materials for these models proudly tout the benefits of Precor's Touch Sensor Heart Rate monitoring system. For example, the product brochure for the 9.23 Treadmill invites the consumer to "[m]aximize your workout results with touch sensor heart rate monitoring." As depicted below, the owner's manual for the 9.23 model similarly advises the consumer to "[k]now your heart rate and your physician recommended heart rate target zone," cautioning not to use the heart rate programs "until authorized by your physician."



15. As the above recommendation suggests, consumers are concerned with – and pay a premium for – accurate heart rate monitoring systems not only to maximize workout results, but to ensure their own safety and avoid potential injury.

16. The Touch Sensor Heart Rate monitoring system, however, is riddled with design flaws that prevent it from giving an accurate reading of the consumer's heart rate, or from giving any reading at all. Such inconsistent and unreliable results contradict the bold representations in Precor's advertising materials.

17. Moreover, in recent years the home fitness industry has become saturated with a diverse range of brands and models, which vary widely in design and cost. Consequently, the manufacturer's assertions as to the equipment's capabilities – particularly its heart rate monitoring technology – weigh heavily on the consumer's decision to purchase, or not to purchase a particular device. Thus, Precor's misrepresentations as to the reliability and accuracy of its Touch Sensor Heart Rate monitoring technology artificially inflate the purchase price of its fitness machines at the expense of unsuspecting consumers.

18. Having received thousands of consumer complaints related to its defective Heart Rate Monitoring technology, Precor has full knowledge of the deceptive and misleading nature of its product specifications and advertising materials, but has yet done nothing to compensate its customers for financial losses related to these misrepresentations, or discontinue the use of these deceptive and misleading misrepresentations in its dealings with customers either directly or through third-party retailers.

19. Accordingly, Precor's misrepresentations and/or material omissions are deceptive, misleading, and fraudulent, causing consumers to purchase its exercise equipment over

comparable models, and pay more than they would have but for Precor's misrepresentations and material omissions.

## V. **CLASS ALLEGATIONS**

20. Plaintiff brings this action on behalf of himself and those similarly situated and seeks certification of the following Class against Precor for violations of Illinois state laws and laws of other states that are materially similar to the laws of Illinois (the "Multi-State Class"):

**Multi-State Class**

> All persons who, within the applicable statute of limitations under their respective state's consumer fraud act,[4] purchased a Precor fitness machine equipped with a touch sensor heart rate monitor from either Precor or a third-party retailer.

Excluded from the Class are Precor's subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

21. In the alternative, Plaintiff brings this action on behalf of himself and all other similarly situated Illinois residents pursuant to Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seek certification of the following Class: of Precor products with

---

[4] While discovery may alter the following, Plaintiffs preliminarily aver that the other states with similar consumer fraud laws under the facts of this case include, but are not limited to: Arkansas (Ark. Code § 4-88-101, *et seq.*); California (Cal. Bus. & Prof. Code § 17200, *et seq*. and Cal. Civil Code § 1750, *et seq.*); Colorado (Colo. Rev. Stat. § 6-1-101, *et seq.*); Connecticut (Conn. Gen. Stat. § 42-110, *et seq.*); Delaware (Del. Code tit. 6, § 2511, *et seq.*); District of Columbia (D.C. Code§ 28-3901, *et seq.*); Florida (Fla. Stat. § 501.201, *et seq.*); Hawaii (Haw. Rev. Stat. § 480-1, *et seq.*); Idaho (Idaho Code § 48-601, *et seq.*); Illinois (815 ICLS § 505/1, *et seq.*); Maine (Me. Rev. Stat. tit. 5 § 205-A, *et seq.*); Massachusetts (Mass. Gen. Laws Ch. 93A, *et seq.*); Michigan (Mich. Comp. Laws § 445.901, *et seq.*); Minnesota (Minn. Stat. § 325F.67, *et seq.*); Missouri (Mo. Rev. Stat. § 407.010, *et seq.*); Montana (Mo. Code. § 30-14-101, *et seq.*); Nebraska (Neb. Rev. Stat. § 59-1601, *et seq.*); Nevada (Nev. Rev. Stat. § 598.0915, *et seq.*); New Hampshire (N.H. Rev. Stat. § 358-A:1, *et seq.*); New Jersey (N.J. Stat. § 56:8-1, *et seq.*); New Mexico (N.M. Stat. § 57-12-1, *et seq.*); New York (N.Y. Gen. Bus. Law § 349, *et seq.*); North Dakota (N.D. Cent. Code § 51-15-01, *et seq.*); Oklahoma (Okla. Stat. tit. 15 § 751, *et seq.*); Oregon (Or. Rev. Stat. § 646.605, *et seq.*); Rhode Island (R.I. Gen. Laws § 6-13.1-1, *et seq.*); South Dakota (S.D. Code Laws § 37-24-1, *et seq.*); Virginia (VA Code § 59.1-196, *et seq.*); Vermont (Vt. Stat. tit. 9, § 2451, *et seq.*); Washington (Wash. Rev. Code § 19.86.010, *et seq.*); West Virginia (W. Va. Code § 46A-6-101, *et seq.*); and Wisconsin (Wis. Stat. § 100.18, *et seq.*).

heart rate monitoring systems and seeks certification of the following Class ("Illinois Resident Class"):

### Illinois Resident Class

> All Illinois residents who, within the applicable statute of limitations, purchased a Precor fitness machine equipped with a touch sensor heart rate monitor from either Precor or a third-party retailer.

Excluded from the Illinois Resident Class are Precor's subsidiaries and affiliates; all persons who make a timely election to be excluded from the Illinois Resident Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

22. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

23. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class members is impracticable. On information and belief, there are thousands of consumers who have been damaged by Defendants' wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from Defendants' books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

24. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

(a) Whether Defendant's representations as discussed herein regarding its heart rate monitoring technology were or are misleading, or likely to deceive;

(b) Whether Plaintiff and the Class members were deceived by Defendant's misrepresentations;

(c) Whether Defendant's conduct constitutes violations of the laws asserted herein;

(d) Whether Plaintiff and the Class members have been injured and the proper measure of their losses as a result of those injuries;

(e) Whether Plaintiff and the Class members are entitled to an award of compensatory/actual damages; and

(f) Whether Plaintiff and the Class members are entitled to injunctive or declaratory relief.

25. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform misconduct described above and were subject to Defendant's deceptive and misleading conduct.

26. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate **representative** of the Class because his interests do not conflict with the interests of the members of the Class he seeks to represent; he has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiff and his counsel.

27. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Samsung has acted or refused to act on grounds generally applicable to Plaintiff and the Class members, **thereby** making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

28. **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means **for** the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for Class members to individually seek redress for Defendant's wrongful conduct. Even if the Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI. <u>CLAIMS ALLEGED</u>

### <u>COUNT I</u>
### Violation of the Illinois Consumer Fraud and
### Deceptive Business Practices Act (On Behalf of the Class)

29. Plaintiff adopts and incorporates by reference paragraphs 1 through 28 as if fully set forth herein.

30. Plaintiff brings this Count individually and on behalf of the other members of the Multi-State and Illinois Resident Classes defined above.

31. The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/2 prohibits unfair or deceptive acts or practices in connection with any trade or commerce, including, among other things, "the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact,…whether any person has in fact been misled, deceived, or damaged thereby." The Act also prohibits suppliers from representing that their goods are of a particular quality or grade that they are not.

32. Precor's misrepresentations and material omissions constitute deceptive and unfair practices under the Act.

33. Precor intended for Plaintiff and the Classes to rely on these deceptive and unfair practices when Plaintiff and the Class members purchased its equipment from Precor, or one of its authorized third-party retailers.

34. Plaintiff and the Class members have suffered injuries in fact and actual damages, including financial losses resulting from overpayment for Precor's products due to its violation of 815 ILCS 505/2.

35. These deceptive or unfair practices took place in the course of trade and commerce when Plaintiff and the Class members purchased Precor's products from Precor, or one of its authorized third-party retailers.

36. Plaintiff and the Class members' injuries were proximately caused by Precor's unfair and deceptive behavior, which was conducted with reckless indifference toward the rights of others, such that an award of punitive damages is appropriate.

# COUNT II
## Violation of the Magnuson-Moss Warranty Act
### (On Behalf of the Class)

37. Plaintiff adopts and incorporates by reference paragraphs 1 through 28 above as if fully set forth herein.

38. Plaintiff brings this cause of action individually and on behalf of the members of the Class against Precor.

39. Precor fitness machines equipped with touch sensor heart rate monitors are consumer products as defined in 15 U.S.C. § 2301(1).

40. Plaintiff and the Class members are consumers as defined in 15 U.S.C. § 2301(3).

41. Precor is a supplier and warrantor as defined in 15 U.S.C. § 2301(4) and (5).

42. In connection with the sale of its fitness machines with touch sensor heart rate monitors, Precor issued written warranties as defined in 15 U.S.C. § 2301(6) by making the express representations and warranties described herein.

43. These Precor fitness machines with touch sensor heart rate monitors do not conform to the express warranties regarding the monitors' accuracy because each of the express warranties is false, misleading, and unsubstantiated, and there is no competent reliable evidence supporting any of those statements.

44. By reason of Precor's breach of warranties, Precor violated the statutory rights due to Plaintiff and the Class members pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, thereby damaging Plaintiff and the Class members.

45. Affording Precor a reasonable opportunity to cure its breach of written warranties would be unnecessary and futile here. At the time Precor sold these fitness machines with touch

sensor heart rate monitors, Precor should have known, or was reckless in not knowing, of its misrepresentations concerning the monitors accuracy and reliability, but nonetheless failed to rectify the situation and/or disclose these defects. Under these circumstances, the remedies available under any informal settlement procedure would be inadequate and any requirements that Plaintiff resort to an informal dispute resolution procedure and/or afford Precor a reasonable opportunity to cure its breach of warranties are excused and thereby deemed satisfied.

46. Plaintiff and the Class members were injured as a direct and proximate result of Precor's breach because they would not have purchased these fitness machines with touch sensor heart rate monitors if the true facts had been known.

## VII. **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VIII. **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the Class, respectfully requests the following relief:

(a) that the Court determine that this action may be maintained as a class action, and certify Plaintiff as representative of the Class;

(b) that Defendant's wrongful conduct alleged herein be adjudged and decreed to violate the consumer protection and deceptive trade practice statutes asserted;

(c) that Defendant's wrongful conduct alleged herein be adjudged and decreed to violate express warranties to Plaintiff and each of the other members of the Class;

(d) that Defendant be enjoined from engaging in the wrongful conduct alleged herein;

(e) that Plaintiff and the Class be awarded damages and, where applicable, treble, multiple, disgorgement, or other damages – with interest – according to applicable common law and the laws of Illinois;

(f) that Plaintiff and each of the other members of the Class recover their costs in bringing this suit, including reasonable attorneys' fees and expenses as provided by law; and

(g) that Plaintiff and each of the other members of the Class be granted such other and further relief as the nature of the case may require or as this Court deems just and proper.

Dated: June 9, 2014

Respectfully submitted,

STEVEN BAYER, individually and on behalf of all others similarly situated

By: */s/ Joseph J. Siprut*
One of the Attorneys for Plaintiff
And the Putative Class

Joseph J. Siprut
*jsiprut@siprut.com*
Matthew D. Savin
*msavin@siprut.com*
**SIPRUT PC**
17 N. State Street
Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.267.1906

4819-2320-1051, v. 1